# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD DIVISION

**EDNECDIA SUTINA JOHNSON,**

    **Petitioner,**

v.                                             **Case No. 1:19-cv-00836**

**WARDEN REHERMAN,**
**FPC Alderson,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition (ECF No. 1), and this civil action.

## PETITIONER'S CLAIM

Petitioner is in custody at the Federal Prison Camp at Alderson, West Virginia, serving a sentence imposed by the United States District Court for the Northern District of Georgia. Her instant petition does not challenge the execution of her sentence, but rather makes a generalized claim of racial discrimination by staff at FPC Alderson. Because it is apparent that Petitioner is not entitled to relief on her claim under § 2241, the undersigned has not ordered Respondent to file a response to the § 2241 petition.

## ANALYSIS

In reviewing an application for relief under 28 U.S.C. § 2241, the court must consider whether the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A § 2241 petition is appropriate where the prisoner challenges the fact or length of confinement, but, generally, not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004); *see also Rivernider v. Joyner*, No. 9:17-cv-1894, 2018 WL 4560716, fn. 2 (D.S.C. Jan. 17, 2018) (dismissing claims concerning conditions of confinement to the extent such claims were asserted in a § 2241 action); *Roudabush v. Warden*, No. 8:18-cv-1818, 2018 WL 3979858, * 1 (D.S.C. July 18, 2018) (finding a § 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); *Hargrove v. Masters*, No. 1:15-cv-06930, 2017 WL 712758 * 2 (S.D. W. Va. Feb. 23, 2017) (J. Faber) (finding that petitioner's challenge to his conditions of confinement was properly construed as a *Bivens* action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a *Bivens* action...'"); *Crooker v. Stewart*, No. ELH-14-1972, 2015 WL 1210209, * 3 (D. Md. March 13, 2015) (finding that alleged violations of the Eighth Amendment should be addressed by a *Bivens* or § 1983 action, not in a § 2241 petition).

Petitioner claims that staff at FPC Alderson exhibit "discrimination and deliberate indifference towards inmates of color" and that "[t]he culture here is very discriminatory towards non-white inmates." Thus, her claim is not cognizable under § 2241 because she is challenging the conditions of her confinement, not the length of her detention. A

2

*Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). Petitioner's allegations of racial discrimination by prison staff are properly asserted, if at all, in a *Bivens* action. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's claims are not cognizable under 28 U.S.C. § 2241.[1]

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

---

[1] By separate Order, the undersigned has directed the Clerk to open a new civil rights action using the petition herein as the initiating complaint document.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

May 7, 2020

Dwane L. Tinsley
United States Magistrate Judge